UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACHARY LOVE,

                    Plaintiff,

v.                                        Case No. 25-cv-1039-pp

CARI HIRSCH, *et al.*,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE CLAIM**

Plaintiff Zachary Love, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On August 12, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $4.40. Dkt. No. 6. The court received that fee on September 10, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Probation Agent Cari Hirsch and her supervisor Hans W. Rufenacht. Dkt. No. 1 at 1–2. The plaintiff asserts that the defendants failed to provide him access to community services for his reentry after incarceration under state law. Id. at 2. He alleges that on August 20, 2024, he was released from Jackson Correctional Institution. Id. at 3. He says that while at Jackson, he "started a release plan on [his] own" by writing to Agent Hirsch and asking "her for help with housing and inpatient treatment." Id. The plaintiff says that he planned "to get something established with a TLP [Transitional Living Program] home or Inpatient Treatment Residency Program"

because he has "a problem" with drugs and alcohol. Id. He says that he has been asking Hirsch for help for three years. Id.

The plaintiff alleges that after his release from Jackson, he received "not one resource from Probation and Parole." Id. When he did not receive that help, he "became hopeless," "fell back into using drugs and alcohol" and suffered from anxiety and depression. Id. The plaintiff alleges that he eventually "got a new charge, to where they can revoke [his] extended supervision and send [him] to prison." Id. When he wrote his federal complaint, the plaintiff was at the Winnebago County Jail, where he was "hoping to win or get a turnover on the time being offered for [his] revocation." Id. He says that he had three or four previous probation holds and sanctions that would have allowed his release into a treatment facility, but that he did not receive that here "due to reasons unknown" or possibly because of "profiling." Id.

The plaintiff asks the court to "help [him] in this lawsuit to change for the better." Id. He seeks damages for his pain and suffering, "as well as for being treated without fairness." Id. at 4. He says that he "would also like to make a difference, for offenders like [himself], who release from prison homeless, with health issues . . . that have nowhere to go." Id. He says that he is "asking for the Probation and Parole Office to follow the Wisconsin's Statues [*sic*] and Codes that are provided for offenders to reduce recidivism." Id. The plaintiff says in an attached letter that he may be at Dodge Correctional

Institution if he does "not win [his] revocation appeal." Id. at 6. He attached a letter from his public defender regarding his revocation. Id. at 7–10.[1]

C. Analysis

The plaintiff seeks to proceed on claims against his probation agent, Cari Hirsch, who he says failed to provide him access to reentry resources or to help him find a post-incarceration living arrangement while he was incarcerated. He says that when he was released, he fell back into bad habits involving drugs and alcohol, "got a new charge" and his probation was revoked. The plaintiff was at Winnebago County Jail when he wrote the complaint; now he is at Dodge Correctional Institution. The plaintiff seeks to sue Hirsch and her supervisor, Hans Rufenacht, for not providing him access to community resources that might have helped prevent him from having his probation revoked again.

The court will not allow the plaintiff to proceed on claims against Hirsch related to her professional duties because probation officers or agents are entitled to absolute immunity for performing those duties. Tobey v. Chibucos, 890 F.3d 634, 650 (7th Cir. 2018). Nor may the plaintiff proceed on a claim that Hirsch failed to provide him access to resources related to community reentry services under state law because the fact of a violation of state law

---

[1] The plaintiff was not successful in challenging his revocation and was sentenced to an unknown term of imprisonment. See State v. Love, Winnebago County Case Number 2020CF212 (available at https://wcca.wicourts.gov/case.html). The Wisconsin Department of Corrections Inmate Locator website shows that on August 15, 2025, the plaintiff was transferred from the Winnebago County Jail to Dodge Correctional Institution, with a scheduled release date of January 28, 2026. appsdoc.wi.gov/lop/details/detail (for Love, Zachary M., DOC #679271).

5
Case 2:25-cv-01039-PP   Filed 09/23/25   Page 5 of 10   Document 8

alone does not infringe a constitutional right. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Tucker v. City of Chicago, 907 F.3d 487, 494–95 (7th Cir. 2018).

To the extent the plaintiff seeks to challenge the conditions of his probation after his release from Jackson Correctional but before his probation was revoked and he was reincarcerated, he cannot do so in a lawsuit under §1983. "The restrictions that make up probation are considered a type of confinement rather than conditions of confinement," so any challenge to those conditions must be brought in a petition for a writ of *habeas corpus*. Tobey, 890 F.3d at 651 (citing Williams v. Wisconsin, 336 F.3d 576, 579–80 (7th Cir. 2003)). The plaintiff also has no constitutional right to be given a particular housing assignment or assigned to a particular correctional facility at any point during his confinement, which includes his time on probation. Id.; Meachum v. Fano, 427 U.S. 215, 225 (1976). That includes the kinds of community correctional centers to which the plaintiff might have sought to be released. See DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992). Even if the plaintiff could assert a viable claim under §1983 related to the conditions of his probation, that probation has been revoked, and he again is incarcerated. That means any challenge he might want to bring about the past conditions of his probation is moot. See United States v. Shabazz, 230 F.3d 899, 901 (7th Cir. 2000).

The plaintiff does not seek to challenge the revocation of his probation after his release from Jackson Correctional Institution. He does seem to

challenge the conditions of his revocation that either resulted in his placement at Dodge or may allow for his reincarceration if his probation again is revoked after his release from his current sentence. But the plaintiff cannot challenge his revocation, incarceration or placement at Dodge in a lawsuit under §1983. He must bring any challenge to "the fact or duration of [his] custody" in a petition for a writ of *habeas corpus*. Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000) (citing Edwards v. Balisok, 520 U.S. (1997); Preiser v. Rodriguez, 411 U.S. 475 (1973)); see Heck v. Humphrey, 512 U.S. 477, 481 (1994) (explaining that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement").

The plaintiff has not made any allegations about defendant Rufenacht. He says only that Rufenacht was Hirsch's supervisor. The plaintiff may not proceed against Rufenacht for the same reasons he may not proceed on a claim against Hirsch. But even if he could proceed on a claim against Hirsch, he could not proceed against Rufenacht for Hirsh's actions merely because Rufenacht is her supervisor. See Iqbal, 556 U.S. at 676; Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). Because the complaint fails to allege any misconduct by Rufenacht, it fails to state a claim against him.

The complaint does not state a viable claim under §1983. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment

7

would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Amendment would be futile because no additional facts would change the conclusion that the plaintiff cannot sue his probation agent and cannot challenge the past or present conditions of his probation or confinement under §1983. The court will dismiss this case and will not give the plaintiff an opportunity to amend his complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345.60** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is incarcerated, and email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**